## Finn et al., Appellants, *v.* Pasquini.

Argued November 19, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*T. G. Wadzinski*, with him *Donald S. Mills*, for appellants.

*E. C. Marianelli*, with him *Gomer W. Morgan*, for appellee.

OPINION BY RENO, J., December 11, 1946:

By their bill in equity plaintiffs sought an injunction restraining defendant from installing and operating a machine in his concrete-block factory which they alleged would create undue noise and vibration in the neighborhood. No exceptions were filed to the chancellor's findings of fact, and upon plaintiffs' exceptions the conclusions of law were modified by the court en banc. The decree nisi which permitted operation of the machine under certain conditions was modified by the court en banc by imposing further restrictions. Plaintiffs appealed, and their assignments of error challenge only the final decree.

Defendant has been manufacturing concrete blocks for 25 years, using manually operated machines, in a largely industrial district of Wilkes-Barre. His plant is opposite his residence, and he owns and uses thirteen vacant city lots in the immediate vicinity in connection with his business. Plaintiffs own or occupy dwelling houses in close proximity, some erected before and some after defendant's plant was opened. The machine which defendant has been using, the chancellor found, "makes a clanking noise, but no complaint, in connection with its use, was made by the plaintiffs". He also found the machine which defendant plans to install "makes a noise of a different character, not unlike that caused by

the operation of a sawmill. [It] . . . does not produce or cause a vibration of the ground to any appreciable extent. The operation of the vibrating type machine, . . . if constructed upon a rubber foundation, kept in good condition and properly operated during reasonable hours, will cause the plaintiffs no more discomfort or annoyance than that which results from the operation of the machine now in use."

The decree nisi adjudged: "The defendant . . . is authorized and permitted to install a vibrating type machine . . . provided the same is located no nearer the home of James Buratti than the machine now used by the defendant, and provided further, that said machine is erected and constructed upon a rubber foundation. The said machine, when installed, shall be kept in good condition and operated only in the daytime during business or working hours, and in such a way as to cause plaintiffs the least possible annoyance and inconvenience."

The final decree authorized and permitted defendant to install the machine "no nearer the home of James Buratti than the machine now used by the defendant, *which is thirty-seven feet two inches distant from the division line between* the defendant's property and that of James Buratti". (Emphasis added). It modified the decree nisi by providing that rubber cushions be installed between the metal parts of said machine which vibrate, and be operated only between the hours of 7 a.m. and 7 p.m. The parties were ordered to pay their own costs.

The argument before us was principally confined to the complaint of one of the plaintiffs, Buratti, who asserted that the decree authorizing the installation of the machine at any point in defendant's plant not nearer than thirty-seven feet two inches from the Buratti property does not accord with and enforce defendant's positive testimony that he would install the new machine sixty or seventy feet from the Buratti home. But for

that, appellants state, they would not have appealed, and therefore our review has been limited to a consideration of that point.

There is merit in the contention. Defendant unequivocally testified: "Q. So then, how far then will the new machine be away from the nearest wall of the Buratti home? A. I think from sixty-five to 70 feet." The chancellor made no specific finding of fact based upon that testimony, but in his "Discussion" he twice adverted to it. He said: "The defendant testified that he contemplated installing the new or vibrating type of machine on the lot farthest from the Buratti home, about sixty-five or seventy feet distant therefrom . . ." In another paragraph he stated: "We are convinced that if defendant installs a machine of the vibrating type upon a rubber foundation designated in his testimony, viz., approximately seventy feet distant from the Buratti home, that the operation of such machine, during proper working hours, will cause plaintiffs no more inconvenience or annoyance than they now experience."

It thus appears that while the chancellor gave consideration to the fact that the machine would be installed sixty-five or seventy feet from Buratti's home the decree does not in terms recognize this distance as a factor in preventing inconvenience and annoyance to Buratti.

It is clear that the purpose of the nisi and final decrees, in addition to minimizing the consequences arising from the operation of the machine, was to preserve the status quo by requiring that the new machine should not be placed nearer to the Buratti home than the nearest of the old machines. But whether the machine shall be installed at a point thirty-seven feet or sixty feet from the Buratti house is not settled by the final decree. It may be that the court below relied upon defendant's testimonial promise, and imposed the thirty-seven foot space only as a minimum zone of protection for the

Buratti property. Or it may be that, since it found that the new machine would produce no more noise than the old machine, installation of the new at the site of the old machine was deemed unobjectionable by the court. Or, possibly, the distance was fixed upon consideration of the claims of other neighbors. This is pure speculation on our part, for the record does not provide a basis upon which we can form a judgment upon that question, or revise and modify the form of the decree.

It seems to us that both parties need a clarification and perhaps a modification of the decree. If the court below intended that defendant should be authorized to erect his new machine at *any* point *not* nearer than the prescribed distance from Buratti's property, the decree probably requires no amplification. But if the decree was entered upon the assumption that defendant would fulfill the promise contained in his testimony, or if the court below contemplated an installation at that point, as the excerpts quoted from the chancellor's adjudication seem to indicate, it might, upon further consideration of the question, deem it wise to insert a restriction to that effect in its final decree.

Because its terms are permissive rather than prohibitory the final decree is not a formal injunction. Nevertheless, in substance it is injunctive, a restraining order preventing the commission of acts contrary to the decree. Hence it falls within the purview of *Ladner v. Siegel,* 298 Pa. 487, 148 A. 699, and is subject to subsequent modification. Appellants might have avoided an appeal by invoking the *Ladner* case and applying to the court below for a clarification.

The decree is affirmed, with direction to the court below to retain jurisdiction of the bill for such clarification and modification the court below shall deem advisable. Costs of this appeal to be divided equally between the plaintiffs and defendant.