## Finn et al., Appellants, v. Pasquini.

Argued March 1, 1948. Before RHODES, P. J., HIRT, ROSS and ARNOLD, JJ. (RENO, DITHRICH and FINE, JJ., absent).

T. G. Wadzinski, with him Donald S. Mills, for appellants.

*E. C. Marianelli*, with him *Gomer W. Morgan*, for appellee.

OPINION BY ARNOLD, J., April 13, 1948:

Plaintiffs' bill in equity sought to restrain the defendant from installing and operating a machine in his concrete block factory, and alleged that it would cause undue noise and vibration. From the court's final decree the plaintiffs appealed and we affirmed: *Finn et al. v. Pasquini*, 160 Pa. Superior Ct. 80, 49 A. 2d 858, in our final order stating: ". . . the court below to retain jurisdiction of the bill for such clarification and modification [as it] shall deem advisable." Upon return of the record plaintiffs did not petition for modification or clarification, but the defendant did, and asked permission to install the new machine not nearer than 31 feet, 2 inches, from the line of one of the plaintiffs, Buratti. The original decree was that the machine should be installed no nearer than 37 feet, 2 inches, from that line. Testimony was taken which showed the request to be reasonable, and that it would be impossible for the defendant to install the new machine in accordance with the original decree. The court below then modified the decree to conform therewith, and plaintiffs again appealed.

The matters thus involved were solely for the chancellor, and there was palpably no abuse of discretion. No findings of fact were assigned as error in the first appeal, nor in this one. The evidence fully sustains the modification. Appellant cites *Quinn v. American Spiral Spring & Mfg. Co.*, 293 Pa. 152, 141 A. 855, but that case is clearly distinguishable, for the injunction there sought was against the operation of machines installed and functioning before the filing of the bill, and there was proof of actual detriment to the plaintiffs from the then existing operation. Here the case is entirely prospective.

Appellants also complain that the court's decree should be more definite in regard to placing rubber

cushions between vibrating metal parts of the machine. As pointed out in the first appeal, this is a matter for the court below on a petition for clarification: *Ladner et al. v. Siegel (No. 4)*, 298 Pa. 487, 148 A. 699.

The decree is affirmed, the costs of the appeal to be divided equally between the plaintiffs and defendant.